UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
JASON THOMAS, : Case No. 5:04-CR-553
: (Case No. 5:16-CV-2900)
Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Docs. 41, 46]
UNITED STATES OF AMERICA, :
:
Respondent. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Jason Thomas petitions for habeas corpus relief under 28 U.S.C. § 2255. He argues that he no longer qualifies as a career offender and was improperly sentenced under the United States Sentencing Guideline § 4B1.1; 1.2(a).[1] The Supreme Court's recent opinion in *Beckles v. United States*[2] defeats this argument.

Defendant Thomas argument centers on the relationship between the Guidelines and the Armed Career Criminals Act.

On June 26, 2015, the Supreme Court gave an opinion in *Johnson v. United States*, and held that the residual clause of the Armed Career Criminals Act was unconstitutionally vague.[3] If a sentencing court imposed an increased sentence based on felonies that only qualified under the residual clause, that sentence violated a criminal defendant's constitutional right to due process.[4]

---

[1] Doc. 41. The Government opposes. Doc. 46.
[2] No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017).
[3] ___ U.S. ___, 135 S. Ct. 2551 (2015).
[4] *Id.*

Case No. 5:04-CR-553
Gwin, J.

A criminal defendant sentenced under the ACCA residual clause can collaterally challenge his ACCA affected sentence in a § 2255 habeas proceeding.[5]

The Guidelines' career offender provision defines "crime of violence" using the same language ruled unconstitutional in *Johnson*.[6] Therefore, since *Johnson*, many criminal defendants sentenced under the Guidelines' career offender provision have argued that *Johnson*'s holding should also apply retroactively to Guidelines cases.

In *Beckles*, the Supreme Court rejected this argument. In *Beckles*, the petitioner argued that because the Court's *Johnson* opinion held "that the identically worded residual clause in the Armed Career Criminal Act . . . was unconstitutionally vague . . . the Guidelines' residual clause is also void for vagueness."[7]

In answering this argument, the *Beckles* Court held that because of the Guidelines' advisory nature, they "are not subject to vagueness challenges under the Due Process Clause."[8]

The Supreme Court's decision dictates the outcome of *Beckles*-dependant cases pending across the federal courts. Accordingly, this Court **DENIES** Defendant Thomas' § 2255 petition.

IT IS SO ORDERED.


Dated: May 2, 2017         *s/     James S. Gwin*
                           JAMES S. GWIN
                           UNITED STATES DISTRICT JUDGE

---

[5] *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1265 (2016).
[6] *See* United States Sentencing Guideline § 4B1.2(a) (emphasis added).
[7] No. 15-8544, 2017 WL 855781, at *3 (U.S. Mar. 6, 2017).
[8] *Id*.